For plaintiff: Eugene L. Jalbert.

For defendant: Henry M. Boss.

Harold Lester
vs.    Law No. 93219.
Andrew D. Ross

March 21, 1935.

CURRAN, J. Heard on plaintiff's motion for a new trial after verdict for defendant.

The plaintiff is, and on April 21, 1934, was, a police officer of the town of East Providence. On that day he was assigned to motorcycle escort duty and was convoying a police ambulance along Taunton Avenue in an easterly direction towards Broadway Six Corners. The ambulance was answering an emergency call. The plaintiff was preceding the ambulance and the siren of his motorcycle was being sounded, as was also that on the ambulance. The defendant at the same time was operating a motor car in an easterly direction on Waterman Avenue and was also approaching Six Corners. He was halted by the red traffic light as he came to North Broadway just above its intersection with Taunton Avenue, and upon the green light appearing, he went forward to his right and then for the first time heard the sirens of the motorcycle and of the ambulance. There was another siren on the light pole at one corner of the Square, which was also sounding a warning.

The plaintiff claimed that the defendant's car was stopped when he (the plaintiff) first saw it and that he (the plaintiff) continued at the rate of about 30 miles per hour, slowing down to 20 to 25 miles per hour as he approached Six Corners. He testified that the next he saw of defendant's car, it was in motion and about 15 feet in front of him, crossing his line of traffic.

At the trial it was conceded that, under the statute and the ordinances of the town, which so far as was material were read into the record, the plaintiff had the "right of way". It is to be observed also that the ordinance requires vehicular traffic to pull up to the curb to permit passage of emergency vehicles. The defendant claimed he was in the act of moving to the curb when the collision occurred.

Even if the plaintiff had the right of way, it was a fair question under all the circumstances whether he was not guilty of contributory negligence. It was also a fair question under all the circumstances whether the defendant was guilty of any negligence which contributed to the plaintiff's injury. The Court thinks the verdict fully justified.

Motion for new trial denied.

For plaintiff: Everett D. Higgins.

For defendant: Ralph T. Barnefield.